

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-64,694-02

### EX PARTE DANIEL GLENN PARKER, JR., APPLICANT

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR12107 IN THE 355TH DISTRICT COURT FROM HOOD COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of methamphetamine and sentenced to eighteen years' imprisonment. The Second Court of Appeals affirmed his conviction at *Parker v. State*, 02-12-00348-CR (Tex. App. – Fort Worth, May 23, 2013 pet. ref'd).

In a single ground, Applicant contends that his trial counsel rendered ineffective assistance.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether counsel: (1) failed to object or move to suppress the lab report on the grounds that the lab technician that performed the tests was not available to testify, (2) failed to object to or move to suppress the redacted video or the evidence obtained from the traffic stop, (3) failed to confirm if a confidential informant existed, and (4) failed to convey plea offers. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish